**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FRED WILLIAMS, JR.,** ) | **CASE NO. 1:14 CV 2433** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **v.** ) | |
| ) | **OPINION AND ORDER** |
| **JIHAD KAOUK, M.D.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Fred Williams, Jr. filed this medical malpractice action against Jihad Laouk, M.D., Jason Hafron, M.D., Christopher Weight, M.D., Vairanan Subramanian, M.D., the Cleveland Clinic Foundation, and Intuitive Surgical, Inc. In the Complaint, Plaintiff alleges he suffered complications from a surgical procedure using a new medical device. He asserts claims for defective design, inadequate warnings, breach of warranty, medical malpractice, civil battery, breach of fiduciary duty, breach of contract and negligence. He contends this Court has jurisdiction based on diversity of citizenship of the parties. He seeks monetary relief in the amount of $ 50,000.00.

**I. BACKGROUND**

Plaintiff underwent a surgical prostatectomy at the Cleveland Clinic in 2010. The

procedure was performed to remove an adenocarcinoma using a robotic device called the Da Vinci. The Da Vinci was developed and sold by Intuitive Surgical, Inc. ("Intuitive"). Dr. Kaouk and Dr. Hafron indicated to Plaintiff that their goals for surgery were to remove the cancer, retain potency and retain continence. Plaintiff contends that the robotic surgery was the only option given to him for treatment, as he was told it was the "gold standard" and all surgeries would done robotically in the future. He indicates Kaouk did not discuss potential complications with him and guaranteed that he would personally perform the surgery. Plaintiff claims he was not aware that neither Kaouk, Weight nor Subramanian were qualified to use the Da Vinci. Moreover, Kaouk did not perform the surgery as he promised but allowed another surgeon to conduct the operation. He indicates four incisions were made because the Da Vinci was not able to reach the prostate to remove the cancer. He was in surgery for nine hours.

Plaintiff claims that after the surgery, he became completely incontinent and impotent. He underwent additional surgeries to rectify the incontinence and impotency but they proved ineffective. He contends his marriage ended and he became depressed. He states, without explanation, that he learned his complications may have been caused by medical negligence and a defective product in March 2013.

Plaintiff brings products liability claims for defective design, inadequate warnings and breach of warranty against Intuitive and medical malpractice, civil battery, breach of fiduciary duty, breach of contract and negligence claims against the surgeons that treated him and the Cleveland Clinic Foundation. Although his claims rely entirely on state tort law, he contends this Court has jurisdiction based on diversity of citizenship of the parties. He states he is a citizen of Ohio. He lists Intuitive's address as Sunnyvale, California and indicates that it is

incorporated under the laws of the State of California.¹ The Cleveland Clinic is an Ohio Corporation. Plaintiff does not provide the citizenship of the individual defendants but states that they are physicians licensed to practice medicine in the State of Ohio and employed by the Cleveland Clinic.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the

---

¹ Intuitive Surgical, Inc. is actually incorporated under the laws of Delaware. Its corporate headquarters are in Sunnyvale, California. *See* http://www.intuitivesurgical.com

pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Federal courts are courts of limited jurisdiction and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*,

915 F.2d 1071, 1072 (6th Cir. 1990). He must also establish that the amount in controversy exceeds $ 75,000.00. 28 U.S.C. § 1332(a). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff is incarcerated in the Richland Correctional Institution. He does not indicate of which state he is a citizen, but he states he is an Ohio resident. All of the Defendants, except Intuitive, appear to be citizens of the State of Ohio. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests diversity of citizenship is not complete.

Furthermore, the amount in controversy does not exceed the statutory threshold of $75,000.00. In a federal diversity action, the amount in controversy alleged in the Complaint controls unless it appears to a legal certainty that the Plaintiff in good faith cannot claim the jurisdictional amount. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). When determining whether the amount in controversy required for diversity jurisdiction has been satisfied, the Complaint is examined at the time it was filed. *Id*. Plaintiff seeks $ 25,000.00 in compensatory damages and $ 25,000.00 in punitive damages for a total of $ 50,000.00. Plaintiff has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. He has not established jurisdiction on the basis of diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal question jurisdiction also reaches ostensible state law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. All of his causes of action arise under state tort law.

Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). The Plaintiff has the burden of proving subject matter jurisdiction in order to proceed in federal court. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Plaintiff has not established this federal court's jurisdiction.

## **III. CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: May 27, 2015

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.